UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILBERT NORWOOD STARKS, | § |
| | § |
| V. | § CIVIL ACTION NO. 4:22-CV-1060-P |
| | § |
| DAWSON INDEPENDENT SCHOOL DISTRICT, ET AL. | § § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are the following: (1) Defendant Judge Gene Knize ("Judge Knize)'s[1] Motion to Dismiss [doc. 10], filed March 1, 2023; (2) Defendant James Wade Gent ("Gent")'s Motion to Dismiss [doc. 12], filed March 6, 2023; (3) Defendant Mike Dowd ("Dowd")'s Motion to Dismiss [doc. 13], filed March 7, 2023; and (4) Defendant Paul Fulbright ("Fulbright")'s Motion to Dismiss [doc. 14], filed March 7, 2023.  Having carefully considered the motions, response, and relevant case law, the Court **RECOMMENDS** that the motions to dismiss be **GRANTED** and that all claims against all Defendants be **DISMISSED**.

On November 29, 2022, *pro-se* plaintiff Wilbert Norwood Starks ("Starks") filed a Complaint, which he titled "On Petition for Writ of Mandamus to the Texas Supreme Court, Civil Action 21-07-19," and listed the following as Defendants: (1) Dawson Independent School District; (2) Navarro College; (3) Navarro County; (4) Gent;[2] (5) Finex Quiroz;[3] (6) Dowd;[4] (7)

---

[1] Defendant Judge Knize states that Plaintiff incorrectly identified him as "James Gene Knize" but that his correct name is "Gene Knize." (Defendant Judge Knize's Motion to Dismiss at 1 n.1.)

[2] Defendant Gent is an attorney who filed the underlying suit to collect unpaid property taxes in Navarro county. (Defendant Gent's Motion to Dismiss at 2.)

[3] In his Complaint, Plaintiff also refers to Finex Quiroz as "Felix Quoid." (Pl.'s Compl. at iii, 13.)  This Defendant is alleged to have illegally purchase Plaintiff's real property. (Pl.'s Compl. at 13.)

[4] Defendant Dowd is Navarro County's Tax Accessor-Collector. (Dowd's Motion to Dismiss at 2.)

1

Navarro County Tax Office; (8) Fulbright;[5] (9) District Clerk of Navarro County; (10) Judge Knize; (11) Navarro County Courthouse; and (12) James Lagomarsino ("Judge Lagomarsino"). In the Complaint, which is difficult to understand, it appears that Plaintiff is, *inter alia*, claiming that, pursuant to 42 U.S.C. § 1983, his civil rights under the United States Constitution and the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated when a district court in Navarro County sold his real property, which had been in his family for over eighty years. (Plaintiff's Complaint ("Pl.'s Compl.") at 2, 13; *see* Pl.'s Compl. at Exhibit ("Ex.") 1.) In the Complaint, Plaintiff references Cause No. D-48685-TX in the 13th District Court of Navarro County, Texas, which appears to have originally been brought by Defendants Dawson Independent School district, Navarro County and Navarro College to recover unpaid property tax. (Pl.'s Compl. at Ex. 5.) Plaintiff claims that the lawsuit was dismissed in 2019 and then allegedly erroneously reinstated in 2020. (Pl.'s Compl. at 3.) Plaintiff alleges that Judge Knize, *inter alia*, illegally issued a "void order and judgment to sell [Plaintiff's] real-estate property. (Pl.'s Compl. at 10.) Plaintiff further claims that, on February 26, 2021, he filed a Motion for Temporary Injunction and Restraining Order, which was granted by Defendant Judge Lagomarsino on March 1, 2021. (Pl.'s Compl. at 6; *see* Pl.'s Compl. at Ex. 1.) Judge Lagomarsino allegedly set a hearing date for March 18, 2020. (Pl.'s Compl. at 6.) According to Plaintiff, however, Plaintiff's property was improperly sold at auction on March 2, 2021, violating Plaintiff's due process and equal protection under the law. (Pl.'s Compl. at 7.) Plaintiff, in this lawsuit, seeks, *inter alia*, monetary damages against Defendants Gent, Knize, Dowd, Quiroz and Fulbright. (Pl.'s Compl. at 9-14.)

---

[5] Fulbright states that he "received the princely sum of $200 for representing the unknown heirs as an *ad litem*" in the Texas state foreclosure proceeding. (Defendant Fulbright's Brief in Support of Motion to Dismiss at 2.)

In their motions to dismiss, Defendants raise various reasons this case should be dismissed, including that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. For example, in Judge Knize's Motion to Dismiss, he states, *inter alia*, the following:

> In this case, Plaintiff is relitigating the state court proceeding, and also the previous federal finding. Plaintiff admits that his claims arise from a state court trial and judgment "rendered October 30, 2020 rendered [sic] by the visiting Judge." (Doc. 1, p. 28.) Plaintiff already appealed this matter, and the judgment is now final. *Starks v. Dawson Indep. Sch. Dist.*, No. 10-21-00079-CV, 2021 WL 1919027, at *1 (Tex. App.—Waco May 12, 2021), *reh'g denied* (July 7, 2021), *review denied* (Oct. 1, 2021) ("The trial court's Judgment in this case was signed on October 30, 2020. Starks's notice of appeal was due November 30, 2020 . . . this appeal is dismissed for want of jurisdiction.").
>
> Plaintiff's claims have already been determined to violate the *Rooker-Feldman* doctrine: "Starks is specifically attacking the validity of the judgment of the 13th District Court in Navarro County, Texas, a state court. The Court finds that this lawsuit is precluded by the *Rooker-Feldman* doctrine. Accordingly, Stark's claims should be dismissed." *Starks v. Gent*, No. 3:20-CV-03543-G (BT), 2021 WL 863218, at *3 (N.D. Tex. Feb. 2, 2021), *report and recommendation adopted*, No. 3:20-CV-03543-G-BT, 2021 WL 857165 (N.D. Tex. Mar. 8, 2021).
>
> Here, Plaintiff is once again trying to relitigate his state court litigation in federal court. His claims could not be more "inextricably intertwined" than asking this Court to award damages for the state court orders and judgments. Accordingly, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine . . . .

(Defendant Judge Knize's Brief in Support of Motion to Dismiss at 6-7 (footnote omitted); *see* Defendant Judge Gent's Motion to Dismiss at 1; Defendant Dowd's Motion to Dismiss at 1-3; Defendant Fulbright's Brief in Support of Motion to Dismiss at 4-6.)

A plaintiff's claim for relief will be dismissed when the complaint fails to establish a basis for subject-matter jurisdiction. Fed. R. Civ. P 12(b)(1).[6] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d

---

[6] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

3

1006, 1010 (5th Cir.1998). However, a complaint should not be dismissed unless the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Id.*

Pursuant to the Rooker-Feldman doctrine, a Court lacks subject-matter jurisdiction to hear a case if the Plaintiff's claims are requesting, in essence, that the federal district court issue a decision which would have the effect of overturning a state-court judgment. The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases decided sixty years apart. The first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) held that, by statute, jurisdiction over appeals from state court lies exclusively in the United States Supreme Court and is beyond the original jurisdiction of federal district courts. The second, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), held that this jurisdictional bar extends to particular claims "inextricably intertwined" with those which a state court has already decided. The essence of the *Rooker-Feldman* doctrine is that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see Crank v. Crank*, No. Civ. A. 3:96-CV-1984-D, 1997 WL 22815, at *2 (N.D. Tex. Jan. 14, 1997) (stating that "[j]udicial errors committed in state court are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of the lower federal courts").

As noted by Defendants, Starks has previously attempted to attack the state-court judgment at issue in federal court on at least one prior occasion in *Starks v. Gent*, No. 3:20-CV-03543-G (BT), 2021 WL 863218 (N.D. Tex. Feb. 2, 2021), *rep. and recom. adopted*, 2021 WL 857165 (N.D. Tex. Mar. 8, 2021). In that case, Stark's Complaint alleged almost identical facts

to the Complaint in this case and requested that the Court "void the Judgment issued on October 30, 2020 by Judge Knize." *Id*. at *2. The Court ultimately dismissed Stark's suit, finding it was, *inter alia*, barred by the *Rooker-Feldman* doctrine. *Id*. at 3.

In this case, Starks' lawsuit again clearly arises out of his dissatisfaction with the proceedings in the 13th District Court in Navarro County, Texas and the judgment entered against him by Defendant Judge Knize. All Defendants in this case were involved or connected to the prior state-court proceedings in Navarro County. Plaintiff, while not outright seeking this time to overturn the judgment in the state-court proceedings, is, in essence, seeking the same result as he is asking to be compensated for his damages resulting from the allegedly invalid state-court judgment. In other words, Plaintiff is once again inviting the court to review the state court's judgment and seeking damages for injuries caused from such judgment.

As already noted in *Starks v. Gent*, *supra*, "the finality of those state proceedings implicates the application of the *Rooker-Feldman* doctrine." *Starks*, 2021 WL 863218, at *3. *See Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (stating that litigants who are unsuccessful in state court "may not obtain review of state court actions by filing those complaints about those actions in lower federal courts cast in the form of civil rights suits"); *Spencer v. Wilson*, No. 4:18-4583, 2020 WL 822096, at *4 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") Because this federal court action is "inextricably intertwined" with the previous state-court ruling, this Court, pursuant to the Rooker-Feldman doctrine, does not have subject-matter jurisdiction to hear the case. Consequently, the Court finds and concludes

that the above-referenced motions to dismiss should be **GRANTED** and all claims against **all** Defendants should be **DISMISSED**.

## RECOMMENDATION

It is recommended that all pending Motions to Dismiss be **GRANTED** the above-styled and numbered cause be **DISMISSED** because this Court lacks subject-matter jurisdiction to hear the case.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 25, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections. It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 11, 2023.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ JEFFREY L. CURETON
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ UNITED STATES MAGISTRATE JUDGE

JLC/knv